ROOT *v*. THIRD AVE. R. Co.

*(Circuit Court, S. D. New York. July 12, 1890.)*

PATENTS FOR INVENTIONS—NOVELTY—ANTICIPATION.
The claim of letters patent No. 241,044, granted May 3, 1881, to S. R. Matthewson for cable tramway for carrying cars around curves, consisting of a series of vertical rollers with intervening vertical plates, as a means for supporting and guiding the cable around the curve, is void for want of novelty, having been anticipated by an English patent of September 6, 1872, in which vertical rollers are placed in recesses at the sides of the curve; the intervening parts of the sides taking the place of the vertical plates in the Matthewson patent.

In Equity.
*George Harding* and *George J. Harding*, for complainant.
*Herbert Knight*, for defendant.

WALLACE, J. The only claim of the patent in suit (No. 241,044, dated May 3, 1881, granted to Sebra R. Matthewson, for "cable tramway for carrying cars around curves") which is alleged to be infringed by the devices employed by the defendant, is the first, which is as follows:

"In combination with a curved tube or tunnel having a traveling cable moving within it, the means for supporting and guiding said cable around the curve, consisting of a series of vertical rollers with intervening vertical plates, supported so as to form a nearly continuous moving and guiding surface upon the inside of the curve, substantially as described."

The rollers of this claim are not the rollers, H, mentioned in some of the other claims, but are any rollers which will revolve on vertical axes, and relieve the cable from friction; and the intervening plates are

not the vertical plates of some of the other claims, but are any vertical plates, whether integral with the tube itself, or fastened removably to the sides of the tube, which will close the spaces between the rollers so as to form a practically continuous bearing surface around the curve on the plane of the roller faces.  The plates have no function of value as respects the cable itself; but, when a grip is used with the cable, they may serve to prevent it from sagging between and striking against the rollers as it passes the curves.  The grip, however, is not an element of the combination of the claim; and the merit and patentability of the invention are to be tested by the considerations which would prevail if it were designed for use in a cable tramway where a grip like that of the defendants is used.  The grip employed by the defendants is so long as to reach from roller to roller, and consequently is not guided by the intervening plates.  Vertical rollers employed in cable tramways in combination with guides for enabling the cable and grip to travel without unnecessary friction around the curve of the tube were old prior to the invention of Matthewson, as sufficiently appears by reference to the United States patents to Chubb and to Casebolt.  The English patent to Roberts of September 6, 1872, describes a cable tramway in which the cable is carried on floats in a curved trough below the rails, which is, substantially, a tunnel or tube wherein vertical friction rollers are placed in recesses at the sides of the curve.  The tube is preferably made of iron, and the parts of the side which intervene between the friction rollers serve the purpose of the intermediate plate of Matthewson in forming, with the faces of the rollers, a practically continuous bearing surface around the inside of the curve.  None of the prior patents describe the specific combination of rollers and plates which is the subject of the present patent, unless it is the patent to Roberts.  Irrespective of the Roberts patent, it would be doubtful whether it would involve invention to make a continuous bearing surface in the curve of a tube from the face of one roller to another, in order to guide an object passing along, when no peculiarity of characteristics in the object to be guided enters into the problem.  All that would have to be done would be to fill up the spaces between the rollers by building out the wall of the tube on a line with their faces, or insert the rollers in offsets, so that their faces would form a continuous line with the wall of the tube.  It would not seem to require anything more than the ordinary skill of the calling to do this.  If done in either of these ways the invention of the claim would be present.  The expert for the complainant states as his opinion that if the rollers were set into the side of the conduit, or located in offsets, and the spaces between them bridged across so as to form a practically continuous guiding surface, this would embody the invention of the claim. He states, also, what is perfectly obvious as a matter of mere mechanical adaptation, that in a gentle curve the rollers can be located further apart than in a sharp curve.  In view, however, of the Roberts patent, it seems perfectly clear that there is no patentable novelty in the claim.  The devices in combination are essentially the same as those in the Roberts patent.  His rollers are located in offsets; and when his tube is made of

iron, as it is to be, preferably, the spaces between the offsets are practically the iron plates between the rollers, which are preferably used by Matthewson. The devices of both patents have the same mode of co-operation. In each patent the devices are used in the curve of a tramway cable tube, and form a practically continuous guiding surface on a plane with the faces of the rollers. It is true that in Roberts' patent they are used to guide a float around the curve, while in the present patent they may be used to guide a grip around the curve; but, as no element of form, size, weight, movement, or detail of construction enters into the characteristics of the object to be guided, the circumstance that one of them is a float, and the other a grip, is wholly immaterial. The bill is dismissed.